83,252-01

April 27, 2015

**Mr. Abel Acosta, Clerk**
Court of Criminal Appeals
P.O. Box 12308
Austin, Texas 78711-2308

Re:    *Ex parte Robert Dion Williams*, Case No. 1099166-A (In the 183rd Judicial District Court of Harris County, Texas).

> ➢   Motion for Leave to File Original Writ of Mandamus

Dear Clerk:

Enclosed please find the original copy of Applicant William's Original Motion for Leave of the Court file his Original Writ of Mandamus with Brief in Support, to be filed among the papers in the above-styled and numbered cause.

Please notify Applicant at his address listed below of the date of filing and disposition of these proceedings. By copy of this letter, I am forwarding a true and correct copy of this instrument to the Respondent.

Thank you for your kind attention to this matter.

Sincerely,

Robert D. Williams, Applicant, Pro se
TDCJ-CID#01609751
Polunsky Unit
3872 FM 350 South
Livingston, Texas 77351-8580

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAY 08 2015

Abel Acosta, Clerk

Enclosure

Cc:    The Honorable Judge Vanessa Velasquez

       File

(Trial Case No. Case Number: 1099166-A)

| | | |
|---|---|---|
| ROBERT DION WILLIAMS, | § | IN |
| TDCJ-CID#01609751, Relator, Pro se, | § | |
| | § | THE |
| v. | § | |
| | § | COURT OF CRIMINAL APPEALS |
| THE HONRABLE VANESSA | § | |
| VELASQUEZ ACTING IN HER | § | AUSTIN, TEXAS |
| OFFICIAL CAPACITY AS JUDGE | § | |
| OF THE 183RD JUDICIAL DISTRICT | § | |
| COURT OF HARRIS COUNTY TEXAS, | § | |
| Respondent. | § | |

## APPLICANT WILLIAM'S ORIGINAL MOTION FOR LEAVE OF THE COURT TO FILE WRIT OF MANDAMUS WITH BRIEF IN SUPPORT

**TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS:**

**COMES NOW**, Robert D. Williams, TDCJ-CID#01609751, Relator, *pro se*, in the above-styled and numbered cause and files this, his Original Motion for Leave of the Court to File Writ of Mandamus with Brief in Support, pursuant to Article 11.07, Section 3(C) of the Texas Code of Criminal Procedure and in support thereof, would respectfully show the Court as follows:

### I.

### Relator

1.     Robert D. Williams, TDCJ-CID#01609751, is an offender incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID"), and is appearing *pro se*, and can be located at the Polunsky Unit, 3872 FM 350 South, Livingston, Polk County, Texas, 77351.

**2.** Relator has exhausted all his remedies and has no other adequate remedy at law.

**3.** Relator filed his original Application for Writ of Habeas Corpus on March 11, 2013,[1] with the Chris Daniel, District Clerk of Harris County. Texas law requires the clerk of the district court to serve a copy of the instant writ application upon the district attorney within 15 days of Applicant filing his writ of habeas corpus application. After the expiration of the time allowed for the State to respond has passed, the trial court is allowed 20 days to determine whether the application contains allegations of controverted, previously unresolved facts material to the legality of the applicant's confinement exist. Art. 11.07, §3(c). If the trial court determines that the application for writ of habeas corpus presents such issues it "shall enter an order within 20 days of the expiration of the time allowed for the state to reply, designating issues of fact to be resolved." *Id.* In the present case, the trial court designated issues on March 23, 2013. Since that time more than thirteen (13) months have elapsed without the trial court transmitting Relator's application seeking habeas corpus to this Court for final disposition.

**4.** The act sought to be compelled is ministerial, not discretionary in nature. The Texas Code of Criminal Procedure, Art. 11.07 Section 3(c) requires Respondent to immediately transmit to the Court of Criminal Appeals a copy of the application for writ of habeas corpus, any answers filed, and a certificate reciting the date upon which that finding was made, if the convicting court decides that there are no issues to be resolved. No copy of the application for writ of habeas corpus, any answers filed, and a certificate reciting the date upon which that finding was made and transmitted to the Court of

---

[1] *See* Appendix A, copy of notification from the Clerk of Harris County that Applicant's original application for writ of habeas corpus was filed on March 11, 2013.

Criminal Appeals. Had Respondent directed such documents be transmitted to the Court of Criminal Appeals as required statute, Relator would have received notice from this Court. Petitioner avers that while the trial court did in fact designate issues requiring resolution, the writ of habeas corpus application has been pending in the trial court for approximately thirteen (13) months since that time, which is inherently unreasonable.

## II.
## RESPONDENT

5. Respondent, the Honorable Vanessa Velasquez,, acting in her official capacity as Judge of the 183rd Judicial District Court of Harris County, Texas, has a ministerial duty to resolve issues she designates as requiring resolution by all customary means in a timely manner, as the Great Writ is one of expediency so as to avoid innocent citizens from languishing in prison needlessly. Judge Vanessa Velasquez, presiding judge of the 183rd Judicial District Court of Harris County, Texas, may be served at her place of business at: **Judge Vanessa Velasquez**, presiding Judge of the 183rd Judicial District Court of Harris County, Texas, Harris County Criminal Justice Center, 1201 Franklin, 18th Floor, Houston, Texas, 77002.

## III.
### Violation of Article 11.07 of the Texas Code of Criminal Procedure

3. The Respondent violated Article 11 07 Section 3(c) of the Texas Code of Criminal Procedure by failing to provide a copy of the application for writ of habeas corpus, any answers filed, and a certificate reciting the date upon which that finding was

made to the Court of Criminal Appeals within the time prescribed by law and within a reasonable time from the date on which the documents were requested to be transmitted.

4. Numerous requests for the transmittal of the application for writ of habeas corpus, any answers filed, and a certificate reciting the date upon which that finding were made have gone unanswered. Applicant/Relator made requests in *Ex parte Robert Dion Williams*, No. 1099166-A, to the Honorable Vanessa Velasquez, Presiding Judge of the 183rd Judicial District Court of Harris County, Texas to no avail.

5. To date, Relator has received no response from Respondent regarding Relator's request for transmittal of a copy of the application for writ of habeas corpus, any answers filed, and a certificate reciting the date upon which that finding was made to the Court of Criminal Appeals.

6. As is clear from the record before the Court, Relator has repeatedly put Respondent on notice that Relator seeks the copy of the application for writ of habeas corpus, any answers filed, and reciting the date upon which that finding was made to the Court of Criminal and that such records are required by the Court of Criminal Appeals to act on Relator's writ of habeas corpus. Relator has gone well beyond any requirement or obligations imposed upon him by the Texas Code of Criminal Procedure. In contrast to Relator's efforts, Respondent has wholly failed to comply with the Texas Code of Criminal Procedure, Article 11.07 Section 3(c), and is acting in bad faith, and has also failed to afford Relator the professional and common courtesy of any written responses to his correspondence and requests.

7. Article 11.07 Section 3(c) clearly was promulgated to ensure the writ be one of expedience, not to be placed on the back burner of the trial court's docket indefinitely.

## IV.
## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Relator, Robert Dion Williams, TDCJ-CID#01609751, proceeding in *pro se,* respectfully requests a finding that the Respondent has not resolved the issues designated for resolution or if Respondent has done so, she has wholly failed to direct the clerk of the court to transmit documents to the Court of Criminal Appeals within a reasonable time after the date the issues in question were resolved, that Relator brought this litigation in good faith and has substantially prevailed. Relator prays for an Order directing Respondent to direct the clerk of the trial court to transmit a copy of the application for writ of habeas corpus, any answers filed, and a certificate reciting the date upon which that finding was made to the Court of Criminal Appeals as directed in Article 11.07, Section 3(c) of the Texas Code of Criminal Procedure.

Respectfully submitted,

**Robert D. Williams, Relator, Pro se**
TDCJ-CID#01609751
Polunsky Unit
3872 FM 350 South
Livingston, Texas 77351-8580

## CERTIFICATE OF SERVICE

I, Robert D. Williams, TDCJ-CID#01609751 Relator, *pro se*, herein certify, that I have sent a true and correct copy of this instrument to the Respondent, by placing same, in a U.S. mail box, first-class, postage paid, addressed to:

**Judge Vanessa Velasquez**
Presiding Judge, 183rd Judicial District Court
Harris County, Texas
P.O. Box 4651
Houston, Texas 77210

SIGNED on this the 27th day of April 2015.

Robert D. Williams, Relator, Pro se

# APPENDIX

# A



# CHRIS DANIEL
## HARRIS COUNTY DISTRICT CLERK

March 11, 2013


ROBERT DION WILLIAMS
#1609751 POLUNSKY UNIT
3872 FM 350 SOUTH
LIVINGSTON, TEXAS 77351-8580

RE: CAUSE #1099166-A
183rd District Court

Dear Applicant:

Your post conviction application for Writ of Habeas Corpus was received and filed on 09-07-12. Article 11.07 of the Texas code of Criminal Procedure affords the State 15 days in which to answer the application after having been served with said application. After the 15 days allowed the State to answer the application, the Court has 20 days in which it may order the designation of issues to be resolved, if any. If the Court has not entered an order designating issues to be resolved within 35 days after the State having been served with the application, the application will be forwarded to the Court of Criminal Appeals for their consideration pursuant to Article 11.07, Sec. 3 (c) of the Texas Code of Criminal Procedure.

The records of the office reflect the following:

## CAUSE NO.      PETITION FOR WRIT OF HABEAS CORPUS      DISPOSITION

**All** future correspondence should indicate the above listed cause number.

Sincerely,

Leslie Garcia, Deputy
Criminal Post Trial

CC:  District Attorney
     Judge, Presiding Court


1201 FRANKLIN   •   P.O. BOX 4651   •   HOUSTON, TEXAS 77210-4651   •   (888) 545-5577

REV. 01-02-04